```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**JANE WEBER,**

    **Plaintiff,**

  v.                                                 **Civ. Action No. 3:20-CV-48**
                                                                            **(Kleeh)**

**WELLS FARGO BANK, N.A.;**
**WELLS FARGO HOME EQUITY**
**ASSET-BACKED SECURITIES 2004-2 TRUST,**
**HOME EQUITY ASSET-BACKED CERTIFICATES,**
**SERIES 2004-2; and HSBC BANK USA,**
**NATIONAL ASSOCIATION,**

    **Defendants.**

---

**MEMORANDUM OPINION AND ORDER**
**DENYING MOTION TO REMAND [ECF NO. 8]**

Pending before the Court is a Motion to Remand. For the reasons discussed herein, the Motion is denied.

### I.    PROCEDURAL HISTORY

On March 16, 2020, the Defendants, Wells Fargo Bank, N.A. ("Wells Fargo"), Wells Fargo Home Equity Asset-Backed Securities 2004-2 Trust, Home Equity Asset-Backed Certificates, Series 2004-2 (the "Trust"), and HSBC Bank USA, National Association ("HSBC") (collectively, "Defendants"), removed this action from the Circuit Court of Berkeley County, West Virginia. On March 19, 2020, United States District Judge Gina M. Groh transferred the case to United States District Judge Thomas S. Kleeh. On March 23, 2020, Defendants filed a Motion to Dismiss. ECF No. 6. Plaintiff then

**MEMORANDUM OPINION AND ORDER**
**DENYING MOTION TO REMAND [ECF NO. 8]**

filed a Motion to Remand. ECF No. 8. The Court has stayed all deadlines in this case until the resolution of the two motions. The Motion to Remand is fully briefed and is the subject of this Memorandum Opinion and Order.

## II.   GOVERNING LAW

When an action is removed from state court, the district court must determine whether it has original jurisdiction over the plaintiff's claims. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree[.]" Id. (citations omitted). "Because removal jurisdiction raises significant federalism concerns, we must strictly construe removal jurisdiction." Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994) (citation omitted).

A defendant must file a notice of removal within 30 days of receipt of the initial pleading. See 28 U.S.C. § 1446(b)(1). Failure to comply with this requirement is "grounds for immediately remanding a removed case to state court." FHC Options v. Sec. Life Ins. Co. of Am., 993 F. Supp. 378, 380 (E.D. Va. 1998). A defendant's time period within which it must remove the case does not run until a defendant is properly served or waives service.

Murphy Bros., Inc. v. Michetti Pipe Stringing, 526 U.S. 344, 350 (1999). Defendants can consent to the removal of a later-served defendant even if their original 30-day period has expired. See 28 U.S.C. § 1446(b)(2)(C) ("[A]ny earlier served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal.").

### III. FACTUAL BACKGROUND

Plaintiff brings claims of breach of contract and negligence. She also alleges that Defendants violated the Real Estate Settlement and Procedures Act, the West Virginia Consumer Credit and Protection Act, and the Fair Debt Collection Practices Act. However, the facts pertaining to the Motion to Remand relate to the timing of Defendants' removal, not the substantive allegations in the Complaint.

Plaintiff filed the Complaint in the Circuit Court of Berkeley County, West Virginia, on December 19, 2019. According to Defendants' counsel, they called Plaintiff's counsel on January 29, 2020, to inquire about service. Plaintiff's counsel stated that he had no information but would provide an update later.

On February 11, 2020, service was perfected as to Wells

Fargo.[1] Counsel for Defendants, having no knowledge of this, waived service on February 13, 2020, for all three defendants. A copy of the waiver was emailed to Plaintiff's counsel on the same day, and Plaintiff's counsel responded, "Received, thank you." Plaintiff's counsel never indicated to Defendants' counsel that service had already been perfected as to Wells Fargo. Nor did Plaintiff's counsel reject, object to, or otherwise raise a concern with the remaining Defendants' waiver of service. Defendants filed a notice of removal on March 16, 2020, which was within 30 days of the waiver of service but not within 30 days of service of Wells Fargo. To date, Plaintiff has not served either the Trust or HSBC.

## IV.   DISCUSSION

Plaintiff argues that Defendants failed to timely remove this action. She argues that because Defendant received service on February 11, 2020 (as to Wells Fargo), removal was required on or before March 12, 2020. Plaintiff believes that Defendants attempted to create a new removal deadline by waiving service for the remaining defendants. She also argues that because Defendants' removal was objectively unreasonable, the Court should award

---

[1] While the parties seem to agree that service on Wells Fargo was perfected on February 11, 2020, the docket indicates that service might have occurred on February 7, 2020. See ECF No. 1-1 at 1. This discrepancy is ultimately irrelevant to the Court's analysis and conclusion.

Plaintiff attorneys' fees.

In response, Defendants argue that the motion should be denied because the removal was timely. They point out that the notice of removal was filed within 30 days of service upon the "last-served defendant," which was established via waiver, and was joined by all three defendants. Plaintiff replies that the "last-served defendant" rule is inapplicable because the Trust and HSBC were never served. She argues that Defendants have denied her of her "free choice" not to serve them. The Court disagrees.

To date, HSBC and the Trust have not been served. After becoming aware of the lawsuit against them, they chose to waive service rather than wait for it. While there is no rule in West Virginia that permits a unilateral waiver of service, counsel representing multiple defendants in an action can certainly accept service on behalf of all of them. Counsel's decision to waive rather than accept is a distinction without a difference and a matter of semantics. The Court finds that the 30-day removal deadline began on the day HSBC and the Trust waived service, not on the date Wells Fargo was served. See 28 U.S.C. § 1446(b)(2)(C).

Plaintiff's argument that Defendants denied her of her "free choice" not to serve the remaining defendants is unpersuasive. Not only are Plaintiff's cited cases not binding on this Court, but they do not directly apply. For example, in Lesane v. Hawaiian

Airlines, there was no discussion of a plaintiff's free choice not to serve a defendant. The court held that the plaintiff needed to file the complaint within 90 days of receipt of right to sue letters but was not required to serve the defendant within those 90 days. 75 F. Supp. 2d 1113, 1120 (D. Haw. 1999). While the court stated that "[t]he statute of limitations will not be tolled merely by filing a complaint if the plaintiff has no intent to serve process," there was no discussion of what would have happened if a defendant had waived service.

In Batzel v. Smith, the court discussed a case that was dismissed for failure to prosecute after the plaintiff failed to serve the defendant. 372 F. Supp. 2d 546, 555 (C.D. Cal. 2005). The court described this as "holding Plaintiff to her free choice not to serve Defendant . . . despite being warned that such failure would result in a dismissal" and found that this was not a denial of due process. Id. Again, there was no discussion of waiver of service; Batzel merely discusses failure to serve in the context of res judicata and is inapplicable to this case. Finally, when the court in Ferrell v. Forrester said that "[a]n action is not commenced under Rule 3(a) if 'it was not filed with the bona fide intention of having it immediately served,'" it was discussing Alabama law. No. 3:12-CV-844-WKW, 2018 WL 812424, at *3 (M.D. Ala. Mar. 5, 2013).

Here, the waiver of service sent to Plaintiff by Defendants via email clearly stated that "Defendants Response to the Complaint shall be filed Thirty (30) days from February 13, 2020; making Defendants Response due March 16, 2020." ECF No. 1-2 at ¶ 4. Plaintiff did not object to Defendants' email. To the contrary, Plaintiff responded, "Received, thank you."

The policy behind the federal rules of service is to give "all defendants . . . notice of the commencement of the action and to eliminate unnecessary technicality in connection with service of process." 4 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1061 (4th ed. 2020). While it is true that the West Virginia Rules of Civil Procedure put the onus on the plaintiff to effect service, the service requirement is not designed to protect the plaintiff. Further, the Federal Rules of Civil Procedure place a duty on the defendant to "avoid unnecessary expenses of serving the summons" by waiving service whenever possible. Fed. R. Civ. P. 4(d)(1). While the West Virginia Rules of Civil Procedure lack such specific language about waiver of service, the same logic applies.

Plaintiff argues, in any event, that privity exists between the parties, and Defendants should be estopped from claiming the benefit of the last-served defendant rule. The main case cited by Plaintiff, Transport Indemnity Co. v. Financial Trust Co.,

Case 3:20-cv-00048-TSK   Document 19   Filed 09/10/20   Page 8 of 8  PageID #: 642

WEBER V. WELLS FARGO ET AL.                                   3:20-CV-48

MEMORANDUM OPINION AND ORDER
DENYING MOTION TO REMAND [ECF NO. 8]

involved a defendant that was a subsidiary of another defendant. 339 F. Supp. 405 (C.D. Cal. 1972). That is not the case here. Other cases cited by Plaintiff on the privity issue do not relate to service but, rather, to res judicata.[2] Having nothing on point before it, and unable to find anything on its own, the Court cannot find that Wells Fargo, HSBC, and the Trust have privity to the extent that service upon "each of the parties"[3] is no longer required.

## V.   CONCLUSION

For the reasons discussed above, Plaintiff's Motion to Remand is **DENIED** [ECF No. 8]. Because the removal was not unreasonable, the request for an award of attorney's fees is also **DENIED.**

It is so **ORDERED.**

The Clerk is directed to transmit copies of this Memorandum Opinion and Order to counsel of record.

DATED: September 10, 2020

/s/ Thomas S. Kleeh
THOMAS S. KLEEH
UNITED STATES DISTRICT JUDGE

---

[2] See Whitmore v. Bank of N.Y. Mellon, No. 17-1265, 2017 WL 2119957 (E.D. La. May 16, 2017); Everhart v. Citibank, N.A., No. H-13-2752, 2015 WL 12805172 (S.D. Tex. Mar. 30, 2015); R.G. Fin. Corp. v. Verara-Nunez, 446 F.3d 178 (1st Cir. 2006).
[3] See W. Va. R. Civ. P. 5 ("Except as otherwise provided . . . every order required by its terms to be served . . . shall be served upon each of the parties.").