IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


JANE WEBER,

        Plaintiff,

    v.                                    Civ. Action No. 3:20-CV-48
                                              (Kleeh)

WELLS FARGO BANK, N.A.;
WELLS FARGO HOME EQUITY
ASSET-BACKED SECURITIES 2004-2 TRUST,
HOME EQUITY ASSET-BACKED CERTIFICATES,
SERIES 2004-2; and HSBC BANK USA,
NATIONAL ASSOCIATION,

        Defendants.


MEMORANDUM OPINION AND ORDER GRANTING, IN PART,
AND DENYING, IN PART, DEFENDANTS' MOTION TO DISMISS [ECF NO. 6]

     Pending before the Court is a Motion to Dismiss ("Motion").
[ECF No. 6]. For the reasons discussed herein, the Motion is
granted, in part, and denied, in part.


I.    **INTRODUCTION**

     On March 16, 2020, the Defendants, Wells Fargo Bank, N.A.
("Wells Fargo"), Wells Fargo Home Equity Asset-Backed Securities
2004-2 Trust, Home Equity Asset-Backed Certificates, Series 2004-
2 (the "Trust"), and HSBC Bank USA, National Association ("HSBC")
(collectively, "Defendants"), removed this action from the Circuit
Court of Berkeley County, West Virginia. On March 19, 2020, United
States District Judge Gina M. Groh transferred the case to United

WEBER V. WELLS FARGO BANK et al.                                3:20-CV-48

**MEMORANDUM OPINION AND ORDER GRANTING, IN PART,
AND DENYING, IN PART, DEFENDANTS' MOTION TO DISMISS [ECF NO. 6]**

States District Judge Thomas S. Kleeh. On March 23, 2020, Defendants filed a Motion to Dismiss. ECF No. 6. Plaintiff then filed a Motion to Remand, which was fully briefed by the parties and denied by this Court's Order. ECF Nos. 8, 10, 12, 19. The Court stayed all deadlines in this case until the resolution of Motion to Dismiss. Plaintiff filed a Response in Opposition to the Motion to Dismiss. ECF No. 9. Defendants filed a Reply in Support of the Motion to Dismiss. ECF No. 11. The Motion to Dismiss is fully briefed and is the subject of this Memorandum Opinion and Order.

## II.  **FACTS**

In the Complaint, Plaintiff brings claims of breach of contract and negligence. She also alleges that Defendants violated the Real Estate Settlement and Procedures Act, the West Virginia Consumer Credit and Protection Act, and the Fair Debt Collection Practices Act.

On July 9, 2004, Donald Weber ("Borrower"), husband to Plaintiff Jane Weber ("Plaintiff"), entered into an adjustable rate note with Wells Fargo to finance the purchase of the property located at 548 First Street, Inwood, West Virginia (the "property"). Compl. ¶ 9, ECF No. 1-1. Plaintiff was not a party to the note. Id. In November 2008, the Deed of Trust securing the

**MEMORANDUM OPINION AND ORDER GRANTING, IN PART,
AND DENYING, IN PART, DEFENDANTS' MOTION TO DISMISS [ECF NO. 6]**

mortgage loan (the "loan") was assigned to HSBC Bank USA, National Association as Trustee for Wells Fargo Home Equity Asset-Backed Securities 2004-02, Trust, Home Equity Asset-Backed Certificates, Series 2004-2. Id. at ¶ 12. Due to a series of events following Borrower's job loss, Borrower defaulted on the loan in March 2016. Id. at ¶¶ 13-15. Thereafter, Borrower and Plaintiff jointly filed Chapter 13 Bankruptcy. Id. at ¶ 15; See also, In Re Weber, Case No. 16- 50368-grs (Bankr. Dist. Ky. Jan. 14, 2019) (Attached to Motion as Exhibit A).

In July 2016, the bankruptcy court confirmed a bankruptcy plan for Borrower and Plaintiff that included an amount of $10,396.31 in pre-petition arrearage and $11,003.25 in mortgage payments. Id. The Bankruptcy Plan stated that Plaintiff and Borrower shall pay the Loan "except any prepetition arrearage, by making payments directly to the Creditor according to the underlying contract. Except as otherwise provided in the plan, any allowed claim for prepetition arrearages shall be paid through the plan until the amount of the arrearage as set forth in the Creditor's proof of claim has been paid in full." Chapter 13 Plan, ECF No. 7-1.

On November 30, 2016, Defendants filed a Motion for Relief from Stay as to the Property in order to enforce its lien against the real estate of the debtor, in part because "[a]s of November

**MEMORANDUM OPINION AND ORDER GRANTING, IN PART,
AND DENYING, IN PART, DEFENDANTS' MOTION TO DISMISS [ECF NO. 6]**

23, 2016, the monthly payments due for September 2016 through November 2016 remain unpaid. The unpaid principal balance of $142,274.14 plus interest and fees, less suspense equals a total of $151,863.15." Motion for Relief from Stay, ECF No. 7-1, pp. 26-28.

Borrower died on March 2, 2017, and Plaintiff continues to reside at the property. Compl. ¶ 17, ECF No. 1-1. On March 7, 2017, the Bankruptcy Court entered an Agreed Order Resolving Motion for Relief from Stay which allowed Plaintiff to make lump sum payments to cure the post-petition arrearage. Agreed Order, ECF No. 7-1, p. 77. The Agreed Order also stated that "[i]n the event of Default . . . [Defendants] shall file a Certificate of Non-Compliance, and upon filing of a Certificate of Non-Compliance the stay shall be terminated without further hearing." Id. Wells Fargo insisted Plaintiff and Borrower were in default on their payments. Compl. ¶ 19, ECF No. 1-1. On November 7, 2017, Defendants filed a Certificate of Non-Compliance as contemplated by the Agreed Order, which resulted in the automatic termination of the stay. Payments that Borrower and Plaintiff made outside the bankruptcy plan were credited to the pre-petition arrearage rather than to the post-petition mortgage payments. Id. at ¶ 19.

On December 27, 2017, Seneca Trustees, Inc., sent Plaintiff notice that a Trustee's Sale of the property was scheduled for

4

**MEMORANDUM OPINION AND ORDER GRANTING, IN PART,
AND DENYING, IN PART, DEFENDANTS' MOTION TO DISMISS [ECF NO. 6]**

January 23, 2018. Id. at ¶ 23. Thereafter, Plaintiff borrowed money from family to have the Loan reinstated, and filed a Motion to Reinstate Stay on January 2, 2018, stating her belief that the payments are current. Id. at ¶ 24, Motion to Reinstate Stay, ECF No. 7-1, pp. 88-97. The Bankruptcy Court denied Plaintiff's Motion to Reinstate Stay because "[a] hearing was held on March 1, 2018, at which time the [Plaintiff] conceded that she had not made payments in accordance with the parties' Agreed Order." Order, ECF No. 7-1, p. 91. The Order went on: "[i]f the [Plaintiff] subsequently defaulted and did not cure within the time allotted within the Agreed Order, then the Agreed Order provided that the automatic stay would terminate when HSCB filed a Certificate of Non-Compliance. HSBC filed a Certificate of Non-Compliance on November 7, 2017." Id.

On June 14, 2018, Plaintiff filed a Motion for Discharge Pursuant to 11 U.S.C. § 1328(b), and it was granted by the Bankruptcy Court, discharging certain debts while reiterating that "a creditor may have the right to foreclose a home mortgage or repossess an automobile." Motion for Discharge, ECF No. 7-1, pp. 92-97; Order of Discharge, ECF No. 7-1, pp. 95-97.

The Bankruptcy Court closed the case on January 14, 2019. Compl. ¶ 26, ECF No. 1-1. On that date, Seneca Trustees, Inc., had made payments totaling $3,873.92 toward pre-petition mortgage

arrearage pursuant to the Bankruptcy Plan. Id. at ¶ 27. On February 20, 2019, Seneca Trustees, Inc., again notified Plaintiff of the foreclosure on the property and that the sale was scheduled for March 19, 2019. Id. at ¶ 28. Plaintiff again borrowed money in an attempt to avoid the sale. Id. at ¶ 29. On February 25, 2019, Plaintiff by her attorneys and certified mail sent a Request for Information to Wells Fargo pursuant to 12 U.S.C. § 2605(e)(1)(B) regarding the servicing of the mortgage loan and the crediting of payments on her mortgage account. Id. at ¶ 30. On April 3, 2019, Plaintiff, again by her attorneys and certified mail, sent a second Request for Information to Wells Fargo pursuant to 12 U.S.C. § 2605(e)(1)(B) regarding the same subject matter and requesting Wells Fargo fix the error. Id. at ¶ 31. Plaintiff also requested information and documentation supporting the claim that Plaintiff's account was in default. Id. Plaintiff sent Wells Fargo a notice and opportunity to cure pursuant to West Virginia Code § 46A-5-108. Id. at ¶¶ 32-33. Despite being represented by counsel, Plaintiff received telephone calls and mail correspondence directly from Wells Fargo. Id. at ¶¶ 34-38. During a July 22, 2019, telephone call a representative of Wells Fargo asked Plaintiff whether the property was occupied and whether she intended to remain in the home, and also represented that her account was in good standing and there were no late fees. Id. at ¶ 34. In an

WEBER V. WELLS FARGO BANK et al.                                3:20-CV-48

**MEMORANDUM OPINION AND ORDER GRANTING, IN PART,
AND DENYING, IN PART, DEFENDANTS' MOTION TO DISMISS [ECF NO. 6]**

October 15, 2019, letter from Wells Fargo to Plaintiff, Wells Fargo indicated it needed additional time to respond to the notice and opportunity to cure. Id. at ¶ 35. Later in the month, Wells Fargo again told Plaintiff it needed additional time to respond to the notice and opportunity to cure. Id. at ¶ 36. On November 19, 2019, Wells Fargo notified Plaintiff that a response to the notice and opportunity to cure would be forthcoming, and sent two letters the same day, declining the opportunity to cure. Id. at ¶¶ 37-38.

On January 8, 2020, Plaintiff filed a Complaint alleging the following causes of action:

1) Breach of Contract
2) Negligence
3) Violation of the Real Estate Settlement and Procedures Act
4) Violation of the West Virginia Consumer Credit and Protection Act – Fair Debt Collection
5) Violation of the West Virginia Consumer Credit and Protection Act – Unfair and Deceptive Acts and Practices
6) Violation of the Fair Debt Collection Practices Act

Compl., ECF No. 1-1.


### III. LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a defendant to move for dismissal upon the ground that a Complaint does not "state a claim upon which relief can be granted." In ruling on a motion to dismiss, a court "must accept as true all of

**MEMORANDUM OPINION AND ORDER GRANTING, IN PART,
AND DENYING, IN PART, DEFENDANTS' MOTION TO DISMISS [ECF NO. 6]**

the factual allegations contained in the Complaint." <u>Anderson v.
Sara Lee Corp.</u>, 508 F.3d 181, 188 (4th Cir. 2007) (quoting <u>Erickson
v. Pardus</u>, 551 U.S. 89, 94 (2007)). A court is "not bound to accept
as true a legal conclusion couched as a factual allegation."
<u>Papasan v. Allain</u>, 478 U.S. 265, 286 (1986).

A motion to dismiss under Rule 12(6)(b) tests the "legal
sufficiency of a Complaint." <u>Francis v. Giacomelli</u>, 588 F.3d 186,
192 (4th Cir. 2009). A court should dismiss a Complaint if it does
not contain "enough facts to state a claim to relief that is
plausible on its face." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S.
544, 570 (2007). Plausibility exists "when the plaintiff pleads
factual content that allows the court to draw the reasonable
inference that the defendant is liable for the misconduct alleged."
<u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009). The factual
allegations "must be enough to raise a right to relief above a
speculative level." <u>Twombly</u>, 550 U.S. at 545. The facts must
constitute more than "a formulaic recitation of the elements of a
cause of action." <u>Id.</u> at 555. A motion to dismiss "does not resolve
contests surrounding the facts, the merits of a claim, or the
applicability of defenses." <u>Republican Party of N.C. v. Martin</u>,
980 F.2d 942, 952 (4th Cir. 1992).

WEBER V. WELLS FARGO BANK et al.                              3:20-CV-48

**MEMORANDUM OPINION AND ORDER GRANTING, IN PART,
AND DENYING, IN PART, DEFENDANTS' MOTION TO DISMISS [ECF NO. 6]**

A court "may properly take judicial notice of 'matters of
public record' and other information that, under Fed. R. Evid.
201, constitute 'adjudicative facts.'" Goldfarb v. Mayor & City
Council of Baltimore, 791 F.3d 500,508 (4th Cir. 2015). A court
may take judicial notice of adjudicative facts if they are "not
subject to reasonable dispute," in that they are "(1) generally
known within the territorial jurisdiction of the trial court or
(2) capable of accurate and ready determination by resort to
sources whose accuracy cannot reasonably be questioned." Further,
courts may take judicial notice of publicly available records
without converting a motion to dismiss to one for summary judgment.
See, e.g., Zak v. Chelsea Therapeutics Int'l, Ltd., 780 F.3d 597,
607 (4th Cir. 2015) ("[C]ourts are permitted to consider facts and
documents subject to judicial notice without converting the motion
to dismiss into one for summary judgment."). Therefore, this Court
takes judicial notice of the case referenced herein: In Re Weber,
Case No. 16-50368-grs (Bankr. Dist. Ky. Jan. 14, 2019) ("In Re
Weber").

## IV.  DISCUSSION

Defendants filed the instant motion to dismiss arguing that
Plaintiff's Complaint should be dismissed because (1) Plaintiff
lacks standing to bring claims of breach of contract, negligence,

**MEMORANDUM OPINION AND ORDER GRANTING, IN PART,
AND DENYING, IN PART, DEFENDANTS' MOTION TO DISMISS [ECF NO. 6]**

violations of the Real Estate Settlement and Procedures Act
("RESPA"), and violations of the West Virginia Consumer Credit and
Protection Act ("WVCCPA"); (2) Defendants are exempt from abiding
by the Bankruptcy Plan because the Bankruptcy Discharge superseded
any prior Bankruptcy Plan which converted Plaintiff's Chapter 13
Bankruptcy Plan to a Chapter 7 Bankruptcy discharge; and (3) while
Defendants have no duty under the Bankruptcy Plan, Plaintiff's
breach of contract claim is precluded by Plaintiff's first material
breach of the Bankruptcy Plan. See Motion to Dismiss, ECF No. 6.

    Plaintiff responded in opposition to the motion arguing that
she brings this case as both an individual and as Administratrix
of the Estate of her late husband Donald Weber. Response in
Opposition, ECF No. 9. Plaintiff asserts that the Defendants have
misapplied payments, making the outstanding amount due on the loan
inaccurate. Id. Plaintiff further argues that her claims under
RESPA, WVCCPA, and the Fair Debt Collection Practices Act ("FDCPA")
survive dismissal because she is expressly protected under each
act. Id. Plaintiff argues the Bankruptcy Court's lifting of the
automatic stay and its grant of hardship discharge to Plaintiff do
not require a dismissal because the proper application of payments
is not retroactively eliminated when an automatic stay is lifted;
instead, the servicer is required to update its records to reflect
any payments made during the case, and the waiver of any fee,

**WEBER V. WELLS FARGO BANK et al.**                    **3:20-CV-48**

**MEMORANDUM OPINION AND ORDER GRANTING, IN PART,
AND DENYING, IN PART, DEFENDANTS' MOTION TO DISMISS [ECF NO. 6]**

expense, or charge as required under provisions of the settlement. Id. Finally, Plaintiff argues non-payment of a mortgage loan is not a material breach of a Deed of Trust; therefore, the first breach rule does not apply. Id.

### A. **Bankruptcy Discharge**

As a threshold matter, Plaintiff does not dispute that she received a bankruptcy discharge, discharging the subject debt. From the record it appears that Plaintiff's debt was in fact discharged in Chapter 7 Bankruptcy; therefore, Plaintiff is no longer personally obligated to pay it. See In re Wiles, No 10-123, 2011 WL 160694, at *3 (Bankr. N.D.W.V. Jan. 19, 2011) ("[A] discharge in bankruptcy does not extinguish debt – the debt is still in existence – only the debtor's personal liability for the payment of that debt is discharged by the Bankruptcy Code.").

Plaintiff recorded the Loan obligation in her Bankruptcy petition but did not reaffirm the debt obligation pursuant to 11 U.S.C. § 524(c). It is undisputed that Plaintiff's discharge removed her personal obligation on the Loan. Plaintiff argues the Bankruptcy Court's lifting of the automatic stay and its grant of hardship discharge to Plaintiff do not require a dismissal because the proper application of payments is not retroactively eliminated when an automatic stay is lifted; instead, the servicer is required

11

WEBER V. WELLS FARGO BANK et al.                    3:20-CV-48

**MEMORANDUM OPINION AND ORDER GRANTING, IN PART,
AND DENYING, IN PART, DEFENDANTS' MOTION TO DISMISS [ECF NO. 6]**

to update its records to reflect any payments made during the case, and the waiver of any fee, expense, or charge as required under provisions of the settlement. Response in Opposition, ECF No. 9. Plaintiff asserts that pursuant to the terms of the Deed of Trust, Defendants agreed to properly credit payments on the mortgage loan. Deed of Trust, ECF No. 7-1, pp. 45-73. Plaintiff pleaded sufficient facts to overcome Defendants' Motion to Dismiss as to the blanket argument that Defendants are exempt from abiding by the Bankruptcy Plan because the Bankruptcy Discharge superseded any prior Bankruptcy Plan which converted Plaintiff's Chapter 13 Bankruptcy Pan to a Chapter 7 Bankruptcy discharge. Therefore, as to Defendants' argument that the bankruptcy discharge supersedes any Bankruptcy Plan between the parties, the argument fails as to all Counts.

### B. Counts I and II: Breach of Contract and Negligence

Defendants' argument supporting their motion to dismiss Plaintiff's breach of contract claim is twofold: that (1) Plaintiff lacks standing to bring a breach of contract claim, and (2) even if Plaintiff has standing to bring the breach of contract cause of action, the claim still fails because the Bankruptcy Plan was terminated upon Plaintiff's first breach.

WEBER V. WELLS FARGO BANK et al.                          3:20-CV-48

**MEMORANDUM OPINION AND ORDER GRANTING, IN PART,
AND DENYING, IN PART, DEFENDANTS' MOTION TO DISMISS [ECF NO. 6]**

Plaintiff also asserts a negligence action in the Complaint, alleging that "Wells Fargo owed Plaintiff a duty to exercise reasonable and prudent due care in servicing the mortgage loan account and to properly document and verify records related to the account and alleged debt." Compl. ¶ 47, ECF No. 1-1. Specifically, Plaintiff pleads that Wells Fargo's failure to properly credit payments made to the post-petition mortgage amount was a breach of duty. Id. To the extent that Defendants briefly argue Plaintiff's negligence action cannot survive a motion to dismiss, they offer no developed argument supported by any legal authority.  Thus, the motion is **DENIED** as to that issue.

**1. Standing**

As to Defendants' first argument, Defendants point out that Plaintiff's response in opposition to the motion to dismiss was the first mention of her bringing the claims of breach of contract and negligence on behalf of the Estate and in her capacity as Administratrix of the Estate of her late husband. See Response in Opposition, ECF No. 9, p. 4. Rule 17(a) of the Federal Rules of Civil Procedure requires that an action be prosecuted in the name of the real party in interest. It further provides that certain individuals may sue "in their own names without joining the person whose benefit the action is brought" including "an administrator."

**WEBER V. WELLS FARGO BANK et al.**                              **3:20-CV-48**

**MEMORANDUM OPINION AND ORDER GRANTING, IN PART,
AND DENYING, IN PART, DEFENDANTS' MOTION TO DISMISS [ECF NO. 6]**

Fed. R. Civ. P. (17)(a). Further, Rule 17(a)(3) precludes dismissal
of an action "for failure to prosecute in the name of the real
party in interest until, after an objection, a reasonable time has
been allowed for the real party in interest to ratify, join, or be
substituted into the action."

In determining whether a plaintiff is a real party in interest
under Rule 17(a), federal courts consider state law. Under West
Virginia law, "[a] personal representative [of an estate] may sue
or be sued upon any judgment for or against, or any contract of or
with, his decedent." W. Va. Code § 44-1-22. Plaintiff was appointed
as Administratrix of the Estate of Donald William Weber, Jr., by
the Berkeley County Council on June 2, 2017. See Letter of
Administration, ECF No. 9-1. Therefore, Plaintiff's capacity as
Administratrix is clear to the Court. On July 10, 2020, this Court
granted a motion to stay discovery pending the resolution of the
motion to remand and the instant motion to dismiss. ECF No. 18.
The order further stayed all deadlines provided in the Scheduling
Order [ECF No. 14] and provided a modified scheduling order will
be entered, if necessary, upon resolution of the pending matters.
Id. The October 19, 2020, deadline to join parties or amend the
pleadings has been stayed pursuant to the Order. Therefore, because
of the status of this action and the language of Rule 17 of the
Federal Rules of Civil Procedure, the Court is precluded from

14

**MEMORANDUM OPINION AND ORDER GRANTING, IN PART,
AND DENYING, IN PART, DEFENDANTS' MOTION TO DISMISS [ECF NO. 6]**

dismissing Plaintiff's breach of contract and negligence claims
unless and until Plaintiff has been allotted reasonable time to
request leave to amend.[1]

Further, parties do not dispute that Borrower alone signed
the Note, and Plaintiff and Borrower both signed the Deed of Trust.
Plaintiff being party to the Deed of Trust and the appointed
Administratrix to Borrower's Estate, it is clear that Plaintiff
may sue on behalf of herself and the Estate. See W. Va. Code § 44-
1-22.[2] Further, West Virginia law holds that "[t]he executor or
administrator is the proper representative of the personal estate,

---

[1] Plaintiff would be wise to more carefully and specifically plead
her claims going forward.  The low threshold plaintiffs must
satisfy with pleadings when facing a Rule 12(b)(6) challenge and
the refuge provided under Rule 17 requires the result reached here.
The Court can reasonably infer from the allegations sufficient
facts to plausibly state a claim here.  However, something as
simple as which capacity Plaintiff brings her claims should be
made clearer in her Complaint.  Moreover, Plaintiff failed to file
a motion with the Court seeking leave to amend her initial
pleading.  Again, for the reasons offered, such leave is granted;
however, the request for such relief is more appropriately made
via a motion as opposed to in the body of a response brief.

[2] The Court notes that Plaintiff's Complaint avers that she was
not a signatory to the Note nor the Deed of Trust. Instead, the
Complaint states: "On July 9, 2004, Donald Weber entered into an
adjustable rate note with Defendant Wells Fargo to finance the
purchase of the home at 548 First Street in Inwood, West Virginia.
On the same date, Donald Weber executed a deed of trust in favor
of Defendant Wells Fargo to secure the note." Compl. ¶¶ 9-10, ECF
No. 1-1. However, Plaintiff states in her response in opposition
that she did in fact sign the Deed of Trust, and the Deed of Trust
itself indicates both Donald Weber and Jane Weber signed and
initialed the document. See Response in Opposition, ECF No. 9, p.
15, n.44; Deed of Trust, ECF No. 7-1, pp. 45-73.

**MEMORANDUM OPINION AND ORDER GRANTING, IN PART,
AND DENYING, IN PART, DEFENDANTS' MOTION TO DISMISS [ECF NO. 6]**

and generally all suits should be brought by and against him in
relation thereto." Syl. Pt. 10, Richardson v. Donehoo, 16 W. Va.
685, 686 (1880). Therefore, Plaintiff has standing to bring the
breach of contract and negligence causes of action and the Motion
to Dismiss is **DENIED** as to this issue. Plaintiff is **ORDERED** to
file an Amended Complaint as to her Administratrix capacity.

### C. First Material Breach

Defendants argue that the breach of contract claim fails
because the Bankruptcy Plan was terminated upon Plaintiff's first
material breach. Defendants maintain that they have no duty under
the Bankruptcy Plan, but if they did, Plaintiff breached first by
her default and subsequent breach of the agreed repayment plan.
Motion, ECF No. 7, p. 12.

To assert a breach of contract claim, there must be a valid,
enforceable contract between the parties. Exec. Risk Indem., Inc.
v. Charleston Area Med. Ctr., Inc., 681 F. Supp. 2d 694, 714 (S.D.
W. Va. 2009); see also E.E.O.C. v. Waffle House, Inc., 534 U.S.
279, 294 (2002) ("It goes without saying that a contract cannot
bind a nonparty."). Here, Plaintiff's breach of contract claim
pertains only to the deed of trust because she did not sign the
note and thus is not a party to that contract. Therefore, the only
breach of contract claim before the Court is that brought by

Plaintiff in relation to the Deed of Trust.

"West Virginia law prevents a party who first breaches a mutual and dependent contract from recovering damages attributable to a subsequent breach by the other party." Milner Hotels, Inc. v. Norfolk and W. Ry. Co., 19 F.3d 1429, at *2 (4th Cir. 1994) (per curiam) (unpublished table decision) (citing Teller v. McCoy, 253 S.E.2d 114, 126 (W. Va. 1978)). Deeds of trust, by their very nature, "contemplate the possibility of non-payment." Mathews v. PHH Mortg. Corp., 724 S.E.2d 196, 200 (Va. 2012). Notably, whether a party materially breached a contract is a finding of fact for the jury's consideration.  See Drummond Coal Sales, Inc. v. Norfolk Southern Railway Company, No. 7:16cv00489, 2018 WL 4008993 *1, *7 (W.D. Va. Aug. 22, 2018) (finding that whether a party materially breached a contract is a question of fact for a jury).

While Defendants argue that because Plaintiff committed the first material breach by falling behind on mortgage payments under the Bankruptcy Plan she is therefore precluded from bringing her breach of contract claim, Plaintiff states in her Complaint that Defendants failed to properly apply payments to the loan according to the same Bankruptcy Plan. Compl. ¶ 19, ECF No. 1-1. Plaintiff further asserts that pursuant to the terms of the Deed of Trust, Defendants agreed to properly credit payments on the mortgage loan. For the first breach rule to apply, the breach must be

17

**MEMORANDUM OPINION AND ORDER GRANTING, IN PART,
AND DENYING, IN PART, DEFENDANTS' MOTION TO DISMISS [ECF NO. 6]**

material. See Milner Hotels, 19 F.3d at *2. Plaintiff contends
that Defendants' reference to the first breach rule is misplaced
because her delinquency is not material. Thus, Plaintiff did not
commit a material breach and, accordingly, the first breach rule
does not apply. In reviewing Plaintiff's Complaint in the light
most favorable to the plaintiff, it is apparent from the pleadings
that Plaintiff has alleged that Defendants breached by failing to
properly apply payments to the mortgage loan. Compl. ¶ 19, ECF No.
1-1. Such fact plausibility is an issue to be determined by the
fact finder. Because this factual allegation is "enough to raise
a right to relief above a speculative level" and constitutes more
than "a formulaic recitation of the elements of a cause of action,"
Count I of the Complaint survives the motion to dismiss. Twombly,
550 U.S. at 545-555. Further because a motion to dismiss "does not
resolve contests surrounding the facts, the merits of a claim, or
the applicability of defenses," the Court cannot dismiss the breach
of contract claim due to Defendants' defense of first material
breach. Republican Party of N.C. v. Martin, 980 F.2d 942, 952 (4th
Cir. 1992). For these reasons, the Motion to Dismiss is **DENIED** as
to Count I.

WEBER V. WELLS FARGO BANK et al.                          3:20-CV-48

MEMORANDUM OPINION AND ORDER GRANTING, IN PART,
AND DENYING, IN PART, DEFENDANTS' MOTION TO DISMISS [ECF NO. 6]

D. **Count III - Violation of the Real Estate Settlement Procedures Act ("RESPA")**

Defendants assert that Plaintiff lacks standing as to any claims under the RESPA because she is not a "borrower" under the Act. ECF No. 7, p. 7. Plaintiff counters that she has standing under the RESPA to bring claims as a confirmed successor in interest. ECF No. 9, p. 5.

1. **As a confirmed successor in interest, Plaintiff is a "borrower" and therefore has standing to bring a claim under RESPA.[3]**

The general purpose of the RESPA is to protect consumers from certain abusive practices in the real estate settlement process. See 12 U.S.C. § 2601. RESPA's implementing regulations, codified at 12 C.F.R. §§ 1024.1 to 1024.41 is known as "Regulation X." See 12 C.F.R. § 1024.1. Regulation X went into effect on January 10, 2014. Mortgage Servicing Rules Under the Real Estate Settlement Procedures Act ("Regulation X"), 78 Fed. Reg. 10696, 10708 (Feb. 14, 2013) (codified at 12 C.F.R. Part 1024). Regulation X relates additional duties and responsibilities to mortgage servicers under RESPA.

Under the RESPA, civil liability is limited to "borrowers":

---

[3] The Court notes here that arguments not made until the Reply brief stage are waived.

**MEMORANDUM OPINION AND ORDER GRANTING, IN PART,
AND DENYING, IN PART, DEFENDANTS' MOTION TO DISMISS [ECF NO. 6]**

"[w]hoever fails to comply with any provision of this section shall be liable to the borrower for each such failure . . ." 12 U.S.C. § 2605(f). Under 12 U.S.C. § 2605(f), only a borrower may enforce the provisions of Regulation X. Robinson v. Nationstar Mortgage LLC, No. TDC-14-3667, 2018 WL 4261696, *1, *6 (D. Md. Sep. 9, 2019), 12 C.F.R. § 1024.41(a). In determining whether a person meets the definition of a "borrower" under the RESPA, "[c]ourts have held that a person who did not sign the promissory note is not a 'borrower' for the purposes of RESPA because that individual has not assumed the loan." Robinson, 2018 WL 4261696 at *6 (internal quotation and citation omitted), see also Keen v. Ocwen Loan Servicing, LLC, No. 17-0982, 2018 WL 4111938, *1, *5-6 (M.D. Tenn. Aug. 28, 2018) (holding that a spouse is not a borrower under the RESPA when the spouse signed a deed of trust stating that a person who did not sign the promissory note was not obligated on the security instrument but did not sign the promissory note).

However, like in Keen, here, Plaintiff cites to the Mortgage Servicing Rules regarding successors in interest, which went into effect in April 2018, to support her position that she is a borrower under RESPA. Keen, 2018 WL 4111938, at *6, 12 C.F.R § 1024.30. The regulation states that "[a] confirmed successor in interest shall be considered a borrower for purposes of § 1024.17 and this subpart." 12 C.F.R § 1024.30(d). On February 25,

WEBER V. WELLS FARGO BANK et al.                                    3:20-CV-48

**MEMORANDUM OPINION AND ORDER GRANTING, IN PART,
AND DENYING, IN PART, DEFENDANTS' MOTION TO DISMISS [ECF NO. 6]**

2019, Plaintiff sent her first Request for Information to Wells
Fargo pursuant to 12 U.S.C. § 2605(e)(1)(B) regarding the servicing
of the mortgage loan and the crediting of payments on her mortgage
account, well after the April 2018 promulgation went into effect.
Id. at ¶ 30. Therefore, timing is not an issue here.

In her Complaint, Plaintiff alleges Borrower died without a
last will and testament. Under West Virginia law, when a decedent
dies intestate and "all of the decedent's surviving descendants
are also descendants of the surviving spouse," the surviving spouse
receives the entire estate. W. Va. Code § 42-1-3.[4] Indeed,
Plaintiff was appointed as Administratrix of the Estate of Donald
William Weber, Jr., by the Berkeley County Council on June 2, 2017.
See Letter of Administration, ECF No. 9-1. This undisputed fact
confirms Plaintiff as a successor in interest under 12 C.F.R §
1024.30(d). Therefore, Plaintiff has pled or sufficient
information is properly in the record before the Court to state a
plausible claim under RESPA. The motion is **DENIED** as to Count
III.

---

[4] Plaintiff has not alleged facts sufficient to ascertain if she
would take the entirety of the estate under West Virginia law.
Specifically, there is nothing before the Court where it can
ascertain if any other potential heirs or beneficiaries exist.
Regardless, given the Letter of Administration, the Court finds
Plaintiff to be a successor in interest for RESPA purposes at this
Rule 12(b)(6) stage.

MEMORANDUM OPINION AND ORDER GRANTING, IN PART,
AND DENYING, IN PART, DEFENDANTS' MOTION TO DISMISS [ECF NO. 6]

### E. Counts IV and V - Violations of the West Virginia Consumer Credit and Protection Act ("WVCCPA")

Defendants argue that Counts IV and V of the Complaint must be dismissed because Plaintiff did not sign the Note and therefore does not owe the debt. Because Plaintiff is allegedly not an obligor under the Note, Defendants next argue that Plaintiff is not a consumer under the WVCCPA, and therefore lacks standing to bring claims under the Act. Motion, ECF No. 7, p. 9; W. Va. Code §§ 46A-1-101, 102. In response, Plaintiff avers that she is "obligated" or "allegedly obligated" on the debt and therefore a consumer under the terms of both §§ 46A-2-122 and 46A-1-102(12).

A plaintiff must be a "consumer" to bring a cause of action under the WVCCPA. Ballard v. Bank of Am., N.A., Civil Action No. 2:12-2496, 2013 WL 5963068, at *9 (S.D.W. Va. Nov. 7, 2013). Section 46A-2-122(a) defines a consumer as "any natural person obligated or allegedly obligated to pay any debt." A person is "'allegedly obligated' to pay a debt when the creditor has 'represented to [her] that [she is] personally liable on the debt.'" McNeely v. Wells Fargo Bank, N.A., 115 F. Supp. 3d 779, 785 (S.D.W. Va. 2015) (quoting Fabian v. Home Loan Ctr., Inc., No. 5:14-cv-42, 2014 WL 1648289, at *6 (N.D. W. Va. Apr. 24, 2014)); see also Croye v. GreenPoint Mortg. Funding, Inc., 740 F. Supp. 2d 788, 797-98 (S.D.W. Va. 2010). For example, the Croye

**MEMORANDUM OPINION AND ORDER GRANTING, IN PART,**
**AND DENYING, IN PART, DEFENDANTS' MOTION TO DISMISS [ECF NO. 6]**

court found a plaintiff allegedly obligated to pay on a debt under
§ 46A-2-122(a) where the creditor made calls to him demanding
payment. Croye, 740 F. Supp. 2d at 798. An "'alleged obligation'
extends the reach of the [WVCCPA] to certain collection activities
conducted without regard to whether the debt is actually owed."
Fabian v. Home Loan Ctr., Inc., No. 5:14-cv-42, 2014 WL 1648289,
*1, *6 (N.D. W. Va. Apr. 24, 2014), see also Diaz v. D.L. Recovery
Corp., 486 F.Supp.2d 474, 475 (E.D. Pa. 2007) (finding where a
"debt" sought to be collected did not exist).

West Virginia Code § 46A-1-102(12) defines a consumer as "a
natural person who incurs debt pursuant to a consumer credit sale
or a consumer loan, or debt or other obligations pursuant to a
consumer lease." Defendants maintain that Plaintiff is not a
consumer under this subsection because she did not sign the loan
note and thus did not incur a debt pursuant to the original loan.
Plaintiff's failure to sign the original loan note is fatal to
this claim insofar as it relates to payments made on the original
loan. See Bishop v. Quicken Loans, Inc., Civil Action No. 2:09-
1076, 2011 WL 1321360, at *11 (S.D.W. Va. Apr. 4, 2011)
(distinguishing the obligations under a deed of trust versus a
promissory note). Specifically, because Plaintiff did not sign the
note, she did not incur a debt pursuant to a consumer loan. See
id. ("[A] promissory note is not enforceable against [a] party who

**MEMORANDUM OPINION AND ORDER GRANTING, IN PART,
AND DENYING, IN PART, DEFENDANTS' MOTION TO DISMISS [ECF NO. 6]**

signed [the] deed of trust but did not sign [the] promissory note inasmuch as promissory notes and deeds of trust are separate legal documents with unique purposes." (citing <u>Arnold v. Palmer</u>, 686 S.E.2d 725, 733 (W. Va. 2009)).

Although Plaintiff is not a signatory to the Note, there are allegations in the Complaint demonstrating that Wells Fargo contacted Plaintiff, but no allegations that Wells Fargo specifically demanded payment from her on the loan. <u>See</u> Compl., ECF No. 1-1, at ¶¶ 23, 58-69. By the Notice of Trustee Sale, Plaintiff alleges that due to Defendants' acceleration of payments due under the Deed of Trust, Defendants made Plaintiff allegedly obligated to pay the debt. <u>See</u> <u>id.</u> at ¶ 23. Notably absent from the Notice of Trustee Sale is any language or statement indicating that Plaintiff is the party that owes the debt. Indeed, "even the least sophisticated consumer is expected to read these communications with care." <u>Lovegrove v. Ocwen Loan Servicing, LLC</u>, 7:14cv003292015 U.S. Dist. LEXIS 112768 (W.D. Va. August 26, 2015) <u>aff'd</u>, 666 Fed. Appx, 308 (4th Cir. 2016). Defendants contacted Plaintiff by telephone on July 22, 2019, and November 19, 2019, even though Plaintiff's attorneys sent notice of representation by certified mail on February 28, 2019. <u>Id.</u> at ¶¶ 64, 65. Also absent from the Complaint as to these assertions is any allegation that Defendants alleged Plaintiff was personally liable. <u>Id.</u>

WEBER V. WELLS FARGO BANK et al.                        3:20-CV-48

**MEMORANDUM OPINION AND ORDER GRANTING, IN PART,
AND DENYING, IN PART, DEFENDANTS' MOTION TO DISMISS [ECF NO. 6]**

Allegations of Wells Fargo's attempt to collect from Plaintiff is nonexistent in the Complaint; therefore, the allegations contained in the Complaint are insufficient to qualify Plaintiff as a consumer "allegedly obligated" to pay on the loan. See Croye, 740 F. Supp. 2d at 798.

Thus, Defendants' motion to dismiss Counts IV and V is **GRANTED** insofar as Plaintiff lacks standing to bring claims under the WVCCPA and failed to sufficiently plead that she was obligated or allegedly obligated to pay the debt.


F. **Count VI - Violations of the Fair Debt Collection Practices Act ("FDCPA")**

Defendants do not question whether Plaintiff is a consumer able to bring a cause of action under the FDCPA; rather, Defendants argue that Wells Fargo is not a "debt collector" as required by the statute. See 15 U.S.C. § 1692a(6).[5]

---

[5] 15 U.S.C. § 1692a(6) states: "The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Notwithstanding the exclusion provided by clause (F) of the last sentence of this paragraph, the term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts. For the purpose of section 1692f(6) of this title, such term also includes any person who uses any instrumentality of interstate

**MEMORANDUM OPINION AND ORDER GRANTING, IN PART,
AND DENYING, IN PART, DEFENDANTS' MOTION TO DISMISS [ECF NO. 6]**

A "debt collector" excludes servicers of "a debt which was
not in default at the time it was obtained" by the servicer. 15
U.S.C. § 1692a(6)(F)(iii). Typically, lenders are not subject to
§ 1692e and § 1692f: "creditors, mortgagors, and mortgage service
companies are not debt collectors and are statutorily exempt from
liability under the FDCPA." Scott v. Wells Fargo Home Mortg., 326
F. Supp. 2d 709, 718 (E.D. Va. 2003), aff'd sub nom. Scott v. Wells

---

commerce or the mails in any business the principal purpose of
which is the enforcement of security interests. The term does not
include—
(A) any officer or employee of a creditor while, in the name of the
creditor, collecting debts for such creditor;
(B) any person while acting as a debt collector for another person,
both of whom are related by common ownership or affiliated by
corporate control, if the person acting as a debt collector does
so only for persons to whom it is so related or affiliated and if
the principal business of such person is not the collection of
debts;
(C) any officer or employee of the United States or any State to
the extent that collecting or attempting to collect any debt is in
the performance of his official duties;
(D) any person while serving or attempting to serve legal process
on any other person in connection with the judicial enforcement of
any debt;
(E) any nonprofit organization which, at the request of consumers,
performs bona fide consumer credit counseling and assists
consumers in the liquidation of their debts by receiving payments
from such consumers and distributing such amounts to creditors;
and
(F) any person collecting or attempting to collect any debt owed or
due or asserted to be owed or due another to the extent such
activity (i) is incidental to a bona fide fiduciary obligation or
a bona fide escrow arrangement; (ii) concerns a debt which was
originated by such person; (iii) concerns a debt which was not in
default at the time it was obtained by such person; or (iv)
concerns a debt obtained by such person as a secured party in a
commercial credit transaction involving the creditor."

WEBER V. WELLS FARGO BANK et al.                        3:20-CV-48

**MEMORANDUM OPINION AND ORDER GRANTING, IN PART,
AND DENYING, IN PART, DEFENDANTS' MOTION TO DISMISS [ECF NO. 6]**

Fargo & Co., 67 F.App'x 238 (4th Cir. 2003) (per curiam),
superseded by statute as stated in Houck v. Substitute Trustee
Services, Inc., 791 F.3d 473, 480 (4th Cir. 2015) (finding that
"only a bankruptcy court may entertain a 11 U.S.C. § 362(k)
claim").

Here, for Wells Fargo to be liable as a debt collector under
15 U.S.C. § 1692e and § 1692f, it is required that the loan be in
default when it was acquired. No allegation in the Complaint
supports the argument that the loan was in default when Wells Fargo
originated the loan in July 2004. Compl., ECF No. 1-1, ¶ 9.
Borrower defaulted on the loan in March 2016. Id. at ¶¶ 13-15.
Because the debt was not in default at the time it was obtained by
Wells Fargo, as a mortgage loan servicer, Wells Fargo is not
considered a debt collector under the FDCPA. There are no facts
alleged in the Complaint that demonstrate Wells Fargo is a debt
collector under the FDCPA; therefore, the Court **GRANTS** Defendants'
Motion to Dismiss as to this issue. Count VI is **DISMISSED.**

## V.   CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendants'
Motion to Dismiss as to Counts IV, V, and VI of Plaintiff's

WEBER V. WELLS FARGO BANK et al.                                      3:20-CV-48

**MEMORANDUM OPINION AND ORDER GRANTING, IN PART,
AND DENYING, IN PART, DEFENDANTS' MOTION TO DISMISS [ECF NO. 6]**

Complaint. The Court **DENIES** Defendants' Motion to Dismiss as to Counts I, II, and III of Plaintiff's Complaint.

The Court **ORDERS** the parties to **MEET AND CONFER** before filing an Amended Complaint and to certify in any Amended Complaint that they have done so. This "Meet and Confer" requirement is imposed to, hopefully, provide the parties ample opportunity to discuss and address any alleged pleading deficiencies before an Amended Complaint is filed. The parties are certainly not expected or required to come to agreement on any such issues but must certify the discussion was at least had before an Amended Complaint and any further motions to dismiss are filed.

It is so **ORDERED.**

The Clerk is directed to transmit copies of this Order to counsel of record.

DATED: March 4, 2021


                                        _/s/_ Thomas S. Kleeh
                                        THOMAS S. KLEEH
                                        UNITED STATES DISTRICT JUDGE